**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-6387**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKEY COLLINS HOGGARD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.   (2:04-cr-00066-RGD-2; 2:05-cv-00633-RGD)

Submitted:  February 28, 2007        Decided:  March 21, 2007

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Rickey Collins Hoggard, Appellant Pro Se.  Andrew Murdock Robbins, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rickey Collins Hoggard seeks to appeal the district court's order denying his motion filed pursuant to 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Hoggard's § 2255 motion was entered December 13, 2005, and the sixty-day appeal period expired on February 13, 2006.* We initially remanded this case to the district court to determine whether Hoggard timely filed his notice of appeal. See United States v. Hoggard, No. 06-6387, 2006 WL 2385266 (4th Cir. Aug. 18, 2006) (unpublished). On remand, the district court determined that the notice of appeal was

_____

*Because the sixtieth day of the appeal period fell on Saturday, February 11, 2006, Hoggard had until Monday, February 13, to timely file his notice of appeal. See Fed. R. App. P. 26(a)(3).

- 2 -

filed on February 17, 2006, several days after the sixty-day appeal period expired.  Hoggard does not challenge this factual finding. Because Hoggard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED